JENKS, P. J., BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Judgment of conviction reversed on reargument as to the appellant, and a new trial granted.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES F. MURRAY, Relator, *v*. MAURICE E. CONNOLLY, President of the Borough of Queens, and RICHARD S. NEWCOMBE, Commissioner of Public Works of the Borough of Queens, Respondents.

Second Department, October 4, 1918.

**Municipal corporations — certiorari — removal of foreman in department of sewers for insubordination and incompetency — determination annulled for lack of medical inquiry as to condition of relator.**

Where upon a writ of certiorari to review the dismissal of a foreman in the department of sewers, upon the ground of insubordination and of incompetency in managing workmen, it appeared that the relator was at the time of the trial sixty-two years of age and in poor health and had been in the employ of the city for many years, and was undoubtedly working under a delusion that the men were conspiring against him, etc., but no medical inquiry was made into his condition, the determination should be annulled and a new trial and hearing directed upon the ground that the relator was in a mentally deranged condition, and that to make the trial a fair one, such condition should have been carefully investigated, and further, that if such condition be found to exist, the relator should not be dismissed, but merely retired for disability or temporarily suspended.

KELLY, J., dissented.

Second Department, October, 1918.          [Vol. 184.

CERTIORARI issued out of the Supreme Court and attested on the 28th day of November, 1917, directed to Maurice E. Connolly, president of the borough of Queens, and Richard S. Newcombe, commissioner of public works of the borough of Queens, commanding them to certify and return to the office of the clerk of the county of Queens all and singular their proceedings had in dismissing the relator from the position of foreman in the department of sewers in the borough of Queens.

*John C. Judge*, for the relator.

*William E. C. Mayer* [*William P. Burr*, Corporation Counsel, and *Terence Farley*, with him on the brief], for the respondents.

MILLS, J.:

This is a writ of certiorari taken out by the relator to review the determination of the respondents dismissing him from the position of foreman in the department of sewers in the borough of Queens. The charges against him were preferred on the 16th of June, 1917, and the order or determination dismissing him from such service was made on July 28, 1917. The charges were: (a) of insubordination, in that the relator had, against the command of his superior, persisted in making certain notes upon the time report sheets which he was required to make or fill out daily; and (b) of incompetency in having shown himself incapable of managing the workmen under him.

The relator had been in the service of the city, first as assistant foreman and for nineteen years then last past as foreman in the bureau of sewers, since April, 1898. His service until recently was entirely satisfactory. He was, at the time of the trial, sixty-two years of age and in poor health. Sometime in 1916 he began to enter upon his daily time report sheets, under the heading "remarks," notes in the nature of complaints against his men, and, although ordered by his superior to desist from making such entries and to report such facts in a separate communication, continued to make such notes upon those sheets. Finally he was brought to trial upon charges of insubordination, based upon such action, and upon that trial he was acquitted. For a time he ceased

making such entries, but shortly resumed them against the positive orders of his superior. He also latterly had positive trouble in controlling his men.

At the trial he was not represented by counsel, but claimed to be sick and somewhat piteously asked for a long adjournment which request was refused. Although he claimed sickness and nervous breakdown, no doctor was examined at the trial and apparently the commissioner had no medical inquiry made into his condition. The evidence showed plainly, at least as it appears to me from the record, that he had become obsessed with the idea that his men were in a conspiracy against him, and even that they had tried to murder him. He even charged that some of his men, evidently of German descent, had persecuted him because of his connection with the " home defense." This is perhaps a not entirely isolated case of such hysteria. The men testified, in effect, that they did nothing of the sort, and that the whole thing was a delusion upon his part, and evidently the commissioner believed them, as he rightfully might.

I am very strongly impressed that the relator did not receive anything like justice; that he is mentally deranged, or at least afflicted with an extreme case of nervous prostration, and that he should not have been dismissed so as to be deprived of his right of partial compensation upon retirement for disability or temporary suspension. It seems to me very hard that he should be dismissed under the circumstances, after his twenty years of faithful service to the city. His counsel, in his reply brief, makes this contention as to what should have been done, but does not intimate that we here have any power upon this review to make any such disposition of the case. I suspect that all that we can do is to do, in substance, what we did in the case of the school janitor in *People ex rel. Ajas* v. *Board of Education* (177 App. Div. 936), namely, annul the determination and direct a new trial and hearing, with fifty dollars costs and disbursements to the relator to abide the event, all upon the ground that the record strongly suggests that the relator was in a mentally deranged condition when he committed the acts which were proven against him, or at least in a condition of extreme nervous prostration, and that to make the trial a fair one such condition should

have been carefully investigated by competent medical author-ity, and, further, that if such condition were found to exist, the relator should not have been dismissed, but at the most should have been retired for disability or temporarily suspended.

Therefore, I so recommend.

JENKS, P. J., THOMAS and JAYCOX, JJ., concurred; KELLY, J., dissented.

Writ sustained, determination annulled, with fifty dollars costs and disbursements to the relator to abide the event, and rehearing ordered.